```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
TINA CABISCA,
        Plaintiff,                      PRETRIAL ORDER
                                        14-cv-6485-JWF
    v.

CITY OF ROCHESTER, et al.,
        Defendants.
_____
```

## I. SCHEDULE

**Trial:**

This case is hereby ordered for trial beginning on **February 19, 2019 at 10:00 A.M. at the Rochester Courthouse, 100 State Street, Rochester, NY 14614.** This is a day-certain trial date which will not be adjourned.

**Pretrial Conference:**

A pretrial conference is scheduled for **January 14, 2019, at 10:00 A.M.** in my chambers. Unless excused by the Court, the attorney who will try the case must be present at the pretrial conference. Each side must be prepared to exchange at the conference the material listed in Part II.

## II. PRETRIAL CONFERENCE

A. Trial Material:

Each party must prepare the following:

1. Exhibits and Exhibit List:

Each party must prepare an exhibit list containing those exhibits that the party anticipates introducing in its direct case. These lists must be prepared on forms supplied by the Clerk's Office and must contain a brief description of the proposed exhibit.

All exhibits shall be denominated by number. Plaintiff shall use numbers 1 through 399; defendant shall use numbers 400 through 699 and third-party defendants shall use numbers 700 through 899.

Each exhibit must be physically tagged with the appropriate colored sticker (pink for plaintiff, blue for defendant and third-party defendants), and each exhibit must be physically numbered prior to commencement of trial.

A complete copy of the exhibit list must be given to the court reporter at the commencement of trial.

Parties do not have to mark at the pretrial conference those exhibits that may only be used on cross-examination for impeachment of a witness or to refresh the recollection of any witness.

Except for good cause, the Court will not allow introduction into evidence of exhibits unless they are listed on the exhibit list submitted at the pretrial conference.

COPIES OF EACH DOCUMENTARY EXHIBIT, PHOTOGRAPH, CHART OR OTHER PAPER MUST BE DUPLICATED FOR THE ADVERSE PARTY AND EXCHANGED AT THE PRETRIAL CONFERENCE UNLESS THE PROPONENT CERTIFIES THAT THE DOCUMENT HAS ALREADY BEEN COPIED OR EXCHANGED DURING DISCOVERY, OR IF THE DOCUMENT CANNOT BE COPIED, THAT IT IS AVAILABLE FOR INSPECTION.

2. **Exhibit Book:**

In any trial where a party marks more than fifty (50) documentary exhibits, an exhibit book must be prepared containing copies of the exhibits. This book will consist of a three-ring binder with tabs for each exhibit. The proponent must prepare a binder for each party, the Court, and a binder for use of witnesses on the stand.

3. **Charts, Demonstrative Evidence and Physical Evidence:**

All charts not intended to be offered into evidence, other demonstrative evidence or items of physical evidence, must be made available for examination in Rochester or some other mutually agreeable place for a review at least two (2) business days before they are offered in evidence.

4. **Expert Testimony:**

The identity of all experts that will be called as witnesses must be provided to the Court. The proponent must also

provide a brief summary of the ultimate opinions that will be rendered by the expert.

Note Well:  The testimony of experts will be limited to the opinions and the grounds for each opinion set forth in answers to expert interrogatories.  See Fed. R. Civ. P. 26(a)(2)(B).  The parties are responsible for taking steps to supplement any expert interrogatories to be in full compliance with this Rule.

5. **Deposition Testimony and Discovery Material:**

Each side must prepare and exchange an itemized list of deposition testimony (with page and line references), that it intends to use in its direct case.  The parties should attempt to reconcile and resolve any disputes as to admissibility between the time of the pretrial conference and trial.

At the commencement of trial, the objecting party must file, in writing, a document listing its objections to the opponent's deposition material and the basis for that objection. If no objections are received, it will be deemed to be a waiver of objections to the proffered deposition testimony.  The Court must be provided with copies of the depositions if there are objections to be resolved.

6. **Damages:**

Plaintiff must prepare an itemized statement of each element of special damages.

4

7. **Legal and Evidentiary Issues**:

All parties should prepare a detailed statement as to issues of law involved in the case and any unusual questions relative to the admissibility of evidence, trial procedure or substantive issues. This submission should include legal authority.

The Court expects the parties to raise these potential issues at the pretrial conference, or as soon as they become evident, so that the Court and the parties will have adequate time to consider the issues.

### III. NOTES ABOUT TRIAL PROCEDURE

1. **Trial Schedule, Procedure, Exhibits, etc.:**

The parties are responsible for having witnesses available. The Court will take witnesses out of turn to accommodate witnesses.

At least by the evening before each day's session, counsel must advise the opponent and the Court of those witnesses expected to be called the following day.

The Court will set time limits for opening statements and closing arguments, and it is expected that counsel will adhere to those limits.

Exhibits that have been received into evidence must be kept on the table between the lecterns during court proceedings.

During evening recesses, each side will be responsible for maintaining custody of its exhibits and returning them to Court the next day (unless other arrangements are made with the Court).

Counsel need not ask permission to approach a witness with a document, but otherwise questioning should be done from no closer than the lectern.

**IT IS SO ORDERED.**

>  /s/ Jonathan W. Feldman
> JONATHAN W. FELDMAN
> UNITED STATES MAGISTRATE JUDGE

Dated:   Rochester, New York
         January 7, 2019